# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | | |
|---|---|---|
| Jermaine Williams, | ) | Civil Action No. 9:19-cv-00051-JMC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Hector Joyner, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Jermaine Williams, proceeding *pro se*, filed for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (2008) ("Habeas Petition"), alleging that the Bureau of Prisons miscalculated his projected release date. (ECF No. 1.) This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report"), which recommends that the court dismiss the Habeas Petition for failure to prosecute. (ECF No. 25 at 1–2.)

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (ECF No. 25.) Petitioner is currently incarcerated at Federal Correctional Institution Estill in Estill, South Carolina. (*Id.* at 1.) On January 7, 2019, Petitioner filed a Habeas Petition. (ECF No. 1.) On September 16, 2019, Respondent filed a Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56. (ECF No. 21.) The Magistrate Judge issued a *Roseboro* Order notifying Petitioner of Respondent's motion and advising him of the possible consequences if he failed to respond adequately. (ECF No. 22.) On October 28, 2019, the Magistrate Judge issued a Report recommending that the court grant Respondent's Motion to Dismiss the Habeas Petition with prejudice for lack of prosecution. (ECF No. 25 at 1.) Petitioner failed to timely file objections to the Report.

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local

1

Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is required to interpret *pro se* documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *see also Hardin v. United States*, C/A No. 7:12–cv–0118–GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, *pro se* documents must be construed in a favorable manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997). Although *pro se* documents are liberally construed by federal courts, "[t]he 'special judicial solicitude' with which a district court should view *pro se* complaints does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

Here, objections to the Report were due November 12, 2019. (*Id.*) If a party was served by

mail or otherwise if allowed under Fed. R. Civ. P. 6, objections were due November 15, 2019. (*Id.*) Petitioner has failed to file objections to the Report, thus the court is not required to give any explanation for adopting the Report and only satisfy itself that the record contains no clear error. *See Camby*, 718 F.2d at 199; *see also Diamond*, 416 F.3d at 315. Moreover, a failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the court based upon such recommendation. *See* 28 U.S.C. § 636(b)(1). The court finds that Petitioner failed to heed the court's warnings, which merits the dismissal of his Habeas Petition.

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 25), **GRANTS** Respondent's Motion to Dismiss pursuant to Fed. R. Civ. P. 56 (ECF No. 21), and **DISMISSES** Petitioner's Habeas Petition (ECF No. 1) with prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

January 13, 2020
Columbia, South Carolina